UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:09-CV-00218-BR

| | | |
|---|---|---|
| ARNOLDO REYES CALDERON, | ) | |
| ELIAS SALOMON CORTES DE LEON, | ) | |
| ROCAEL ARTEMIO MALDONADO, | ) | |
| ELISEO CALDERON MONSON, | ) | |
| BYRON COLOMO RIVAS, | ) | |
| JULIO PEREZ RODRIGUEZ, | ) | |
| SABLO CALDERON SIGUENZA, | ) | |
| JORGE VASQUEZ, | ) | |
| | ) | |
| Plaintiffs | ) | ORDER |
| | ) | |
| v. | ) | |
| SG OF RALEIGH, | ) | |
| JOHN GEORGEDAKIS, | ) | |
| BILINGUAL HUMAN RESOURCES | ) | |
| CONSULTANTS, INC., | ) | |
| MIGUEL ALECIO, | ) | |
| TAMMY ALECIO, | ) | |
| | ) | |
| Defendants | ) | |

This case is before the court on the motion of plaintiffs and defendants SG of Raleigh d/b/a All My Sons Moving and Storage and John Georgedakis for leave to file their "Confidential Waiver, Release and Settlement Agreement" under seal.

By way of background, on 22 March 2010, the moving parties submitted for the court's consideration a proposed consent decree. Because the amended complaint contains class allegations, the court directed the parties to file additional materials such that the court may discharge its obligations under Shelton v. Pargo, 582 F.2d 1298, 1314 (4th Cir. 1978) – to "determine what 'claims are being compromised' between the plaintiff and defendant and

whether the settling plaintiff has used the class action claim for unfair personal aggrandizement in the settlement, with prejudice to absent putative class members." In response to the court's order, on 9 April 2010, the instant motion was filed as well as a joint motion for approval of the settlement.

A motion to seal must be analyzed in accordance with the mandatory procedure outlined in <u>Stone v. University of Maryland</u>, 855 F.2d 178 (4th Cir. 1988). The instant motion was docketed in the record on 9 April 2010, and no objection to sealing has been filed. Pursuant to <u>Stone</u>, the court must determine the source of the public's right to access to the settlement agreement. <u>See</u> 855 F.2d at 180. Both the common law and the First Amendment protect access to judicial records.

> The common law presumes a right to inspect and copy judicial records and documents. The common law presumption of access may be overcome if competing interests outweigh the interest in access . . . . Where the First Amendment guarantees access, on the other hand, access may be denied only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest.

<u>Id.</u> (citations omitted). Also, the common law protects access to all judicial records, whereas the First Amendment right only extends to particular documents. <u>Id.</u>

While the court has not located any authority to support the proposition that access to a settlement agreement filed with the court is grounded in the First Amendment, <u>cf.</u> <u>Boone v. City of Suffolk, VA.</u>, 79 F. Supp. 2d 603, 606-08 (E.D. Va. 1999) (finding First Amendment right to access to court-approved settlement agreement not triggered), the court need not reach the issue as the court finds that the common law presumption of access applies. A settlement agreement filed and submitted for court approval is a judicial record, and thus the presumption of access

2

arises.  S.E.C. v. Van Waeyenberghe, 990 F.2d 845, 848 (5th Cir. 1993).  As such, the court must undertake a balancing test, and

> [t]he Supreme Court has suggested that the factors to be weighed in the balancing test include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records.

In re The Knight Publishing Co., 743 F.2d 231, 235 (4th Cir. 1984) (citing Nixon v. Warner Communications, Inc. 435 U.S. 589, 597-608 (1978)).

The only reason the parties advance for maintaining the settlement agreement under seal is "[p]ublic filing of the Settlement Agreement will frustrate the purpose of the confidentiality of the agreement and make any confidentiality provision therein worthless . . . ."  (Mem. Supp. Mot. Seal at 2.)  The parties further note that "the attachments to the Settlement Agreement, other than the release by the parties, will be filed separately with the Court and available for public inspection."  (Id.)  The court finds that the parties' interest in confidentiality, while valid, does not outweigh the public's interest in access, specifically, the interest in knowing the contents of materials upon which a court makes a decision, including a determination of whether to approve a settlement, Jessup v. Luther, 277 F.3d 926, 928, 929 (7th Cir. 2002).

Accordingly, the motion to seal is DENIED.  Within 10 days of the date this order is filed, either party may file a notice requesting that the Clerk strike the agreement from the record.  If any party does so, the Clerk is DIRECTED to strike the settlement agreement from the record and terminate the motion to approve the agreement as moot.  If no such notice is timely filed, then the settlement agreement will be filed unsealed and the court will undertake

3

consideration of the motion to approve that agreement.

This 18 May 2010.

W. Earl Britt
Senior U.S. District Judge